# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FRANK KEARINS, ET AL., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.: 4:17-cv-00769 |
| VILLAGE CREEK OF ELDORADO HOME OWNERS' ASSOCIATION, INC., ET AL., | § § § § | |
| Defendants. | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 5, 2019, the report of the Magistrate Judge (the "Report") (Dkt. #75) was entered containing proposed findings of fact and recommendations that Plaintiffs Fran Kearins, James Kearins, and Kearins House Sober Living No. 1, LLC's (collectively, "Plaintiffs") Motion for Partial Summary Judgment ("Plaintiffs' Motion for Partial Summary Judgment") (Dkt. #48) be denied and Defendants Village Creek of Eldorado Home Owners Association, Inc., 4SCONS Group LLC d/b/a 4Sight Property Management, Mike Murray, David Hudgins, Susie Cequina, Byron Gannoway and Charles Rolfe's (collectively, "Defendants") Motion for Partial Summary Judgment ("Defendants' Motion for Partial Summary Judgment") (Dkt. #49) be denied in part and granted in part.

Plaintiffs filed objections to the Report (Dkt. #78) with respect to the Magistrate Judge's recommendation that Plaintiffs' Motion for Summary Judgment be denied, to which Defendants filed a response (Dkt. #79), and Plaintiffs filed a reply (Dkt. #80). No objections were filed with

respect to the recommendation that Defendants' Motion for Partial Summary Judgment (Dkt. #49) be denied in part and granted in part. The Court has made a *de novo* review of the objections (the "Objections") raised by Plaintiffs and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge.

## I. BACKGROUND

This lawsuit arises out of an ongoing dispute between Plaintiffs and the homeowners' association of Village Creek of Eldorado, a residential subdivision where Plaintiff Fran Kearins and her son, Plaintiff James Kearins (collectively, "the Kearins"), own a home and operate Elevated Sober Living, LLC ("Sober Living"), a for-profit Texas "group home" providing support services for persons recovering from alcohol and drug addictions. *See* Dkt. 22 at ¶¶ 1-2, 12. Plaintiffs allege they were subjected to disparate treatment and denial of a reasonable accommodation in violation of the Fair Housing Act (the "FHA"), 42 U.S.C. §3604(f)(1). *See generally* Dkts. 22, 48.

## II. DISCUSSION

Plaintiffs' Motion for Partial Summary Judgment argues they are entitled to summary judgment of their reasonable accommodation claim because there is no fact issue as to the essential elements of that claim. *See generally* Dkt. 48. Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The Magistrate Judge concluded that a fact issue exists as to whether Sober Living's residents (or potential residents) suffer from impairments that substantially limit major life activities, which is required to find the existence of a handicap under the FHA. *See* Dkt. 75 at 17. Plaintiffs' Objections merely reargue the reasons they believe the evidence submitted in support of their motion is sufficient to establish their reasonable accommodation claim as a matter of law. According to Plaintiffs, their evidence was uncontradicted, and therefore, there is no fact issue. *See generally* Dkt. 78. However, the Magistrate Judge already addressed each of Plaintiffs' arguments in her Report and determined that Plaintiffs did not meet their burden of providing the Court with competent, uncontroverted evidence that Sober Living's residents are handicapped as a matter of law. *See* Dkt. 75 at 16-18.

Plaintiffs attempted to meet their burden by providing: (1) the declaration and report of their designated expert Dr. John Majer ("Dr. Majer"); (2) the declarations of three Sober Living residents; and (3) the declaration of Constance Swanston ("Swanston"), one of the owners of Sober Living. Although Plaintiffs argue their summary judgment evidence was uncontradicted, the Magistrate Judge explained that "Plaintiffs' evidence [fell] far short of the quality and quantity of evidence presented by the plaintiffs in similar cases where the court made a finding that the facility's residents were handicapped as a matter of law." Dkt. 75 at 16 (citing *Oxford House, Inc. v. Browning*, 266 F. Supp. 3d 896, 907 (M.D. La. 2017); *Oxford House, Inc. v. City of Baton Rouge, La.*, 932 F.Supp.2d 683, 689 (M.D. La. 2013)).

With respect to Dr. Maier's report and declaration, the Magistrate Judge found that while Dr. Maier's testimony was relevant for the limited purpose of assisting to the trier of fact, the evidence was insufficient to establish that Sober Living's residents are handicapped as a matter of law because it failed to "provide any specific evidence about Sober Living, including its residents or its admission criteria." *Id.* (citing *Browning*, 266 F. Supp. 3d at 907). As the Magistrate Judge

3

pointed out, Dr. Maier does not claim to have visited Sober Living, to have met any of its residents, or to have assessed Sober Living's operations or its admission criteria. *Id.* at 11. The Magistrate Judge similarly found that Swanston's conclusory statements failed to specifically address the extent to which Sober Living's residents are substantially limited in a major life activity due to their addictions. *Id.* at 16. Likewise, the resident declarations and the Sober Living admission application were determined to be insufficient to establish as a matter of law that Sober Living's residents have an impairment that substantially limits a major life activity. Based on these factors, the Court agrees with the Magistrate Judge's finding that the evidence was insufficient to establish that Sober Living's residents are handicapped as a matter of law, and that determination should be left to the jury.

### III. CONCLUSION

Because the Court finds no error in the Magistrate Judge's analysis and conclusions, Plaintiffs' Objections are **OVERRULED**, and this matter shall proceed to trial.

**IT IS THEREFORE ORDERED** that:

1. Plaintiffs' Motion for Partial Summary Judgment (Dkt. #48) is **DENIED**; and

2. Defendant's Motion for Partial Summary Judgment (Dkt. #49) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. The motion is **GRANTED** with respect to Plaintiffs' claims against Defendant 4Sight;

    b. The motion is **DENIED** with respect to Plaintiffs' claims against all other Defendants, and those claims shall proceed at this time.

**IT IS SO ORDERED**.

SIGNED this 22nd day of April, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE